IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 1:19-cv-00745 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH R. ESKEL, | ) | |
| CAREL M. ESKEL *a/k/a* CAROL M. ESKEL, | ) | |
| BON ACCORD, Fiduciary Owner under | ) | |
| Declaration of Creation of a Pure Trust | ) | |
| Organization under the name of Bon Accord, | ) | |
| dated November 14, 1997, and | ) | |
| TOWN OF DANVILLE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**COMPLAINT**

The United States of America, at the direction of a delegate of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. § 7401, brings this civil action (1) to reduce to judgment unpaid federal tax liabilities owed by Joseph R. Eskel and Carel M. Eskel *a/k/a* Carol M. Eskel, and (2) to enforce the federal tax liens against certain real property that is currently held in the name of Defendant Town of Danville. For its Complaint, the United States alleges as follows:

**Jurisdiction, Parties, and Property**

1.      The district court has jurisdiction pursuant to 26 U.S.C. §§ 7402(a) and 7403, and 28 U.S.C §§ 1331, 1340, and 1345.

2.      The defendant Joseph R. Eskel resides in Rockingham County, New Hampshire, within the jurisdiction of this Court.

1

3.     The defendant Carel M. Eskel, also known as Carol M. Eskel, resides in Rockingham County, New Hampshire, within the jurisdiction of this Court.  The defendant Joseph R. Eskel is married to the defendant Carel M. Eskel.

4.     The defendant Bon Accord, Fiduciary Owner under Declaration of Creation of a Pure Trust Organization under the name of Bon Accord, dated November 14, 1997 ("Bon Accord"), is joined as a party as required by 26 U.S.C. § 7403(b), because Bon Accord has, or may claim, an interest in the property described below.

5.     The defendant Town of Danville in New Hampshire is joined as a party as required by 26 U.S.C. § 7403(b), because it has, or may claim, an interest in the property described below.

6.     The real property upon which the United States seeks to enforce its tax liens is held in the name of Town of Danville, and consists of the land, along with all improvements, buildings, and appurtenances, commonly known as 599 Main Street, Danville, New Hampshire 03819 (the "Real Property").  The legal description of the Real Property is as follows:

Two parcels of land situated in Danville, County of Rockingham and State of New Hampshire, bounded and described as follows:

Parcel A:  With the buildings thereon situate on the Westerly side of Route 111A and beginning at the Northeasterly corner thereof at said Route 111A at land of Anthony, Jr. and Katherine M. DeCesare and running Southeasterly by said Route 111A, 481 feet, more or less, to a stonewall at land now or formerly of Thomas Waters; thence turning and running Southwesterly by said stonewall and land of Waters, 293.42 feet to a point; thence continuing Southwesterly by said stonewall and land of Waters to a point; thence continuing Southwesterly by said stonewall and land of Waters 532.47 feet to a point; thence turning and running Northerly by said stonewall and land of Waters to a point; thence turning and running Northwesterly by said stonewall and land of Waters, 838.79 feet to a point; thence turning and running Westerly by said land of Waters to a point at the Northwesterly corner of said Waters' land; thence turning and running Southerly by said Waters' land to a point at land now or formerly of Lucy M. Currier; thence turning and running N 89° 55' 51" W by said land of Currier, 237.6 feet to a point at land now or formerly of Borges; thence turning and running N 89° 58'

2

59" W by said land of Borges, 227.4 feet to a point at land now or formerly of Bassett; thence turning and running N 5° 3' 9" E by land now or formerly of Borges to land now or formerly of the True heirs; thence turning and running S 88° 7' 20" E by said land of True Heirs and land of DeCesare to said Route 111A and the point of beginning.

Parcel B:  Land Westerly of Route 111A and beginning at the Northeasterly corner of the within described premises, at the Northwesterly corner of land previously conveyed by Sidney F. and Marjorie A. Borges to Robert A. and Helen J. Mackey by deed dated September 19, 1977, recorded in said Registry at Book 2293, Page 1110, said Mackey premises being now or formerly owned by The Exeter Cooperative Bank, and running S 05° 03' 09" W along said Bank land, 600 feet, more or less; thence continuing on the same course along land said to be of Robert A. and Helen J. Mackey, 160 feet, more or less, to land now or formerly of one Bassett; thence running along said Bassett land and possibly along land of owner unknown, generally Westerly 1750 feet, more or less, to the Town Line between said Danville and the Town of Sandown, N.H.; thence running generally Northerly along said Town Line 815 feet, more or less, to land now or formerly of the heirs of Ralph True; thence running generally Easterly along said True land, 1875 feet, more or less, to the point of beginning.

Said premises are conveyed subject to the rights acquired by Public Service Company of New Hampshire by deed dated September 16, 1974 and recorded in Rockingham County Registry of Deeds at Book 2228, Page 1468.

Being the same premises conveyed to "Bon Accord, Fiduciary Owner under Declaration of Creation of a Pure Trust Organization under the name of Bon Accord, dated November 14, 1997" by deed of Joseph Robert Eskel and Carol Eskel, husband and wife, and recorded at Book 3315, Page 2495, in the Rockingham County Registry of Deeds.

### COUNT ONE
### (Claim to Reduce Income Tax Liabilities to Judgment Against Joseph R. Eskel)

7.      The United States incorporates by reference paragraphs 1 and 2 as if specifically realleged herein.

8.      A delegate of the Secretary of the Treasury made assessments against Joseph R. Eskel for income taxes, penalties, and interest, and for civil penalties and interest, for the periods, on the dates, and in the amounts described below, which have balances due with interest, accruals, and costs as of March 14, 2019, as follows:

3

| Tax Period Ending | Assessment Date | Assessment Type | Assessed Amount | Balance Due 3/14/2019 |
|---|---|---|---|---|
| 12/31/2004 | 9/13/2010 | Tax | $726,452.00 | $2,610,365.28 |
| | 9/13/2010 | Miscellaneous Penalty | $526,677.70 | |
| | 9/13/2010 | Late Payment Penalty | $181,613.00 | |
| | 9/13/2010 | Interest | $491,267.92 | |
| | 11/4/2013 | Interest | $207,404.79 | |
| 12/31/2005 | 9/13/2010 | Tax | $720,897.00 | $2,441,778.15 |
| | 9/13/2010 | Miscellaneous Penalty | $522,650.33 | |
| | 9/13/2010 | Late Payment Penalty | $180,224.25 | |
| | 9/13/2010 | Interest | $377,936.69 | |
| | 11/4/2013 | Interest | $194,011.13 | |
| 12/31/2006 | 9/13/2010 | Tax | $865,983.00 | $2,692,766.33 |
| | 9/13/2010 | Miscellaneous Penalty | $627,837.67 | |
| | 9/13/2010 | Late Payment Penalty | $164,536.77 | |
| | 9/13/2010 | Interest | $280,187.28 | |
| | 10/29/2012 | Late Payment Penalty | $51,958.98 | |
| | 11/4/2013 | Interest | $210,353.91 | |
| 12/31/2007 | 9/13/2010 | Tax | $783,941.00 | $2,304,972.79 |
| | 9/13/2010 | Miscellaneous Penalty | $568,357.23 | |
| | 9/13/2010 | Late Payment Penalty | $113,671.44 | |
| | 9/13/2010 | Interest | $158,182.89 | |
| | 10/29/2012 | Late Payment Penalty | $82,313.81 | |
| | 11/4/2013 | Interest | $177,438.98 | |
| 12/31/2003 | 7/20/2009 | Civil Penalty I.R.C. § 6702 | $5,000.00 | $6,807.33 |
| | 11/4/2013 | Interest | $776.75 | |
| 12/31/2004 | 7/20/2009 | Civil Penalty I.R.C. § 6702 | $5,000.00 | $7,095.44 |
| | 11/4/2013 | Interest | $799.26 | |
| 12/31/2005 | 7/20/2009 | Civil Penalty I.R.C. § 6702 | $5,000.00 | $7,095.44 |
| | 11/4/2013 | Interest | $799.26 | |
| 12/31/2006 | 7/20/2009 | Civil Penalty I.R.C. § 6702 | $5,000.00 | $7,095.44 |
| | 11/4/2013 | Interest | $799.26 | |
| 12/31/2007 | 7/20/2009 | Civil Penalty I.R.C. § 6702 | $5,000.00 | $7,095.44 |
| | 11/4/2013 | Interest | $799.26 | |
| **Total** | | | | $10,085,071.64 |

9.     The "Miscellaneous Penalt[ies]" described in paragraph 8, above, are penalties asserted under 26 U.S.C. § 6651(f) resulting from Joseph R. Eskel's fraudulent failure to file required federal income tax returns for tax years 2004, 2005, 2006, and 2007.

4

10.     Joseph R. Eskel had knowledge of federal income tax return filing requirements because (1) he filed federal income tax returns for tax years 1987 through 1997, and (2) he received by certified mail a copy of IRS Letter 3175 and Publication 2105 – "Why Do I Have To Pay Taxes"– delivered by the IRS on April 14, 2008.

11.     Joseph R. Eskel earned income from his business, Alarm Devices Supply, during tax years 2004 through 2007.

12.     Joseph R. Eskel purchased illegal tax promotion tools, including a so-called "Corporation Sole" or "Pure Trust" scheme that advertises to taxpayers that they can remove themselves from the federal tax system and avoid paying federal income taxes entirely.  One such promoter, Frank Eugene Ellena, was enjoined from selling this promotion.  The subject Real Property in this case was transferred into the name of Bon Accord, a so-called "Pure Trust."

13.     Joseph R. Eskel participated in the so-called "Form 1099 OID Refund Scheme" which involved the filing of frivolous Forms 1099-OID or other bogus financing instruments. Promoters of this scheme advertise that the client can draw on or redeem a "secret account" created when the United States went off the gold standard in the 1930s, a claim that has no basis in fact or law.

14.     Joseph R. Eskel has failed to cooperate with the IRS's examination of his federal income tax liability for tax years 2004-2007, and filed frivolous paperwork, including papers with the Rockingham County Registry of Deeds, to impede the progress of the examination.

15.     On November 14, 2008, frivolous Forms 1040 were received by the IRS Service Center for tax years 2003-2007 recording both erroneous and fabricated interest income and federal taxes withheld of $133,000, $133,000, $383,000, $133,000, and $133,000, for each tax year, respectively.

16.     Joseph R. Eskel paid mortgage and other personal expenses with postal money orders, cash, and gold or other coin, for the purpose of concealing assets and/or other business dealings.

17.     Notice of the liabilities described in paragraph 8 was given to, and payment demanded from, Joseph R. Eskel.

18.     Despite proper notice and demand, Joseph R. Eskel failed, neglected, or refused to fully pay the liabilities, and after the application of all abatements, payments, and credits, he remains liable to the United States in the amount of $10,085,071.64, plus statutory additions accruing from and after March 14, 2019.

## COUNT TWO
### (Claim to Reduce Income Tax Liabilities to Judgment Against Carel M. Eskel *a/k/a* Carol M. Eskel)

19.     The United States incorporates by reference paragraphs 1 and 3 as if specifically realleged herein.

20.     A delegate of the Secretary of the Treasury made assessments against Carel M. Eskel *a/k.a* Carol M. Eskel for civil penalties and interest for the periods, on the dates, and in the amounts described below, which have balances due with interest, accruals, and costs as of March 14, 2019, as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Assessed Amount | Balance Due 3/14/2019 |
|---|---|---|---|---|
| 12/31/2003 | 8/17/2009 | Civil Penalty I.R.C. § 6702 | $5,000.00 | $7,372.44 |
|  | 10/21/2013 | Interest | $783.95 |  |
| 12/31/2004 | 8/17/2009 | Civil Penalty I.R.C. § 6702 | $5,000.00 | $7,073.76 |
|  | 10/21/2013 | Interest | $774.87 |  |
| 12/31/2005 | 8/17/2009 | Civil Penalty I.R.C. § 6702 | $5,000.00 | $7,073.76 |
|  | 10/21/2013 | Interest | $774.87 |  |

| Tax Period Ending | Assessment Date | Assessment Type | Assessed Amount | Balance Due 3/14/2019 |
|---|---|---|---|---|
| 12/31/2006 | 8/17/2009 | Civil Penalty I.R.C. § 6702 | $5,000.00 | $7,073.76 |
| | 10/21/2013 | Interest | $774.87 | |
| 12/31/2007 | 8/17/2009 | Civil Penalty I.R.C. § 6702 | $5,000.00 | $7,073.76 |
| | 10/212013 | Interest | $774.87 | |
| **Total** | | | | $35,667.48 |

21.     Notice of the liabilities described in paragraph 20 was given to, and payment demanded from, Carel M. Eskel *a/k/a* Carol M. Eskel.

22.     Despite proper notice and demand, Carel M. Eskel *a/k/a* Carol M. Eskel failed, neglected, or refused to fully pay the liabilities, and after the application of all abatements, payments, and credits, she remains liable to the United States in the amount of $35,667.48, plus statutory additions accruing from and after March 14, 2019.

## COUNT THREE
### (Claim to Enforce Federal Tax Liens Against Real Property)

23.     The United States incorporates by reference paragraphs 1 through 22 as if specifically realleged herein.

24.     Because Joseph R. Eskel and Carel M. Eskel *a/k/a* Carol M. Eskel neglected, refused, or failed to pay the liabilities described in paragraphs 8 and 20 after notice and demand, federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322 on the dates of the assessments and attached to all property and rights to property belonging to Joseph R. Eskel and Carel M. Eskel *a/k/a* Carol M. Eskel, then in existence or thereafter acquired, including the Real Property.

25.     By a document dated March 6, 1998, and recorded on March 9, 1998, with the Rockingham County Registry of Deeds at Book 3274, Page 195, Walter G. Fries transferred the Real Property to Joseph R. Eskel and Carol Eskel, husband and wife.

26.     By a document dated June 27, 1998, and recorded on August 7, 1998, with the Rockingham County Registry of Deeds at Book 3315, Page 2495, Joseph R. Eskel and Carol Eskel, husband and wife, transferred the Real Property to "Bon Accord," a purported trust.

27.     Through a Tax Collector's Deed dated September 2, 2014, and recorded on September 4, 2014, with the Rockingham County Registry of Deeds at Book 5558, Page 1384, record title to the Real Property was placed into the name of the Town of Danville.  The Town of Danville took any title to the Real Property subject to the tax liens described in Paragraph 24.

28.     Pursuant to a purported Contract and Declaration of Creation of Pure Trust Organization, Bon Accord was allegedly formed on or about November 14, 1997.

29.     Upon information and belief, Bon Accord is a fictitious trust and sham created to protect assets of Joseph R. Eskel and Carel M. Eskel *a/k/a* Carol M. Eskel from future collection activity.

30.     Defendants Joseph R. Eskel and Carel M. Eskel *a/k/a* Carol M. Eskel continually lived on the Real Property since acquiring it in 1998, and paid expenses related to the Real Property, including a mortgage loan and real-estate taxes.  On April 7, 2006, Defendant Joseph R. Eskel issued a check from his bank account to St. Mary's Bank to fully pay the remaining balance on the mortgage loan.

31.     Part of the Real Property was used as a farm, and the Eskels' daughters operated a business named Grandview Stables on the Real Property.  The Eskels' daughters issued checks to both of the Defendant taxpayers for rent, taxes, and insurance.  The Defendant taxpayers paid their son-in-law's construction company to make improvements to the Real Property.

32.     Defendant Bon Accord held record title to the Real Property as a mere nominee for, and on behalf of, Defendants Joseph R. Eskel and Carel M. Eskel *a/k/a* Carol M. Eskel, the true owners of said Real Property.

33.     Defendants Joseph R. Eskel and Carel M. Eskel *a/k/a* Carol M. Eskel transferred record title to the Real Property to Bon Accord with the actual intent to hinder, delay, or defraud creditors.

34.     Defendants Joseph R. Eskel and Carel M. Eskel *a/k/a* Carol M. Eskel did not receive reasonably equivalent value for the transfer of the Real Property from themselves to Bon Accord in 1998.

35.     Defendants Joseph R. Eskel and Carel M. Eskel *a/k/a* Carol M. Eskel became insolvent as a result of the transfer of the Real Property.

36.     Notices of Federal Tax Lien ("NFTL") were filed with the Rockingham County, New Hampshire, Registry of Deeds in accordance with 26 U.S.C. § 6323(f) as follows:

| Name | Type of Tax | Tax Periods Ending | Date NFTL Filed |
|------|-------------|--------------------|-----------------|
| Joseph R. Eskel | I.R.C. § 6702 Civil Penalty | 12/31/2003; 12/31/2004; 12/31/2005; 12/31/2006; 12/31/2007 | 8/30/2010; 8/28/2018 (re-file) |
| Joseph R. Eskel | Income Tax | 12/31/2004; 12/31/2005; 12/31/2006; 12/31/2007 | 1/18/2011 |
| Carol M. Eskel | I.R.C. § 6702 Civil Penalty | 12/31/2003; 12/31/2004; 12/31/2005; 12/31/2006; 12/31/2007 | 2/14/2011; 10/1/2018 (re-file) |
| Bon Accord, as nominee of Joseph R. Eskel | Income Tax; I.R.C. § 6702 Civil Penalty | 12/31/2003; 12/31/2004; 12/31/2005; | 11/19/2012; 8/28/2018 (re-file for 6702 only) |

| | | 12/31/2006;<br>12/31/2007 | |
|---|---|---|---|
| Bon Accord, as nominee of Carel M. Eskel a.k.a Carol M. Eskel | I.R.C. § 6702 Civil Penalty | 12/31/2003;<br>12/31/2004;<br>12/31/2005;<br>12/31/2006;<br>12/31/2007 | 11/19/2012;<br>10/1/2018 (re-file) |

37.     The United States is entitled to enforce the federal tax liens described in paragraph 24 against the Real Property pursuant to 26 U.S.C. § 7403 and to have the entire Real Property sold in a judicial sale, free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of sale, including any expenses incurred to secure and maintain the Real Property; and, second, to the United States to pay the liabilities described above; or, alternatively, as otherwise determined by the Court in accordance with the law.

WHEREFORE, the plaintiff United States of America prays for a judgment determining that:

A.     The defendant Joseph R. Eskel is liable to the plaintiff United States for income tax liabilities and civil penalties for the periods ending December 31, 2003, 2004, 2005, 2006, and 2007, in the amount of $10,085,071.64, plus statutory additions accruing from and after March 14, 2019, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

B.     The defendant Carel M. Eskel *a/k/a* Carol M. Eskel is liable to the plaintiff United States for civil penalties for the periods ending December 31, 2003, 2004, 2005, 2006, and 2007, in the amount of $35,667.48, plus statutory additions accruing from and after March 14, 2019, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

C.     The United States has valid and subsisting federal tax liens under 26 U.S.C. §§ 6321 and 6322 securing the liabilities described in paragraphs A and B on all property and rights to property belonging to the defendant Joseph R. Eskel and the defendant Carel M. Eskel *a/k/a* Carol M. Eskel, including the Real Property;

D.     The federal tax liens securing the liabilities described above shall be enforced pursuant to 26 U.S.C. § 7403 against the Real Property by ordering the sale of the entire Real Property in a judicial sale, free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of the sale, including any expenses incurred to secure and maintain the Real Property; and, second, to the plaintiff United States to pay the liabilities described in paragraphs A and B;

E.     The Court determine that the failure by any defendant other than the defendants Joseph R. Eskel and Carel M. Eskel *a/k/a* Carol M. Eskel to timely plead a right, title, claim, lien or interest in the Real Property shall result in a default being entered against that party, and a default judgment finding that said party has no right, title, claim, lien, or other interest in the proceeds of the sale of the Real Property; and,

F.     The United States of America shall recover its costs, and be awarded such other and further relief as the Court determines is just and proper.

DATED:  July 12, 2019

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice


_/s/ Philip L. Bednar_
PHILIP LEONARD BEDNAR
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
202-307-6415 (v)
202-514-5238 (f)
Philip.L.Bednar@usdoj.gov
WA State Bar No. 41304

Of Counsel:
SCOTT W. MURRAY
United States Attorney

JS 44   (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

**DEFENDANTS**

**(b)**  County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1   Original
Proceeding

☐ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
Another District
*(specify)*

☐ 6   Multidistrict
Litigation -
Transfer

☐ 8   Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐   CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:      ☐ Yes     ☐No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)   Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)   County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)   Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.   Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.   Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.   Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.   Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.   Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.   Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____ <br> *Plaintiff(s)* <br> v. <br> <br> _____ <br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

                                                                                                    .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: