```
                    UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                                                 Civil No. 19-cv-745-JD
                                                          Opinion No. 2019 DNH 176

Joseph R. Eskel, Carel M. Eskel
a/k/a Carol M. Eskel, Bon Accord,
and Town of Danville

## O R D E R

The United States filed a complaint against Joseph and Carol Eskel, Bon Accord, and the Town of Danville to reduce to judgment unpaid federal tax liabilities owed by the Eskels and to enforce federal tax liens against property that is held by the Town of Danville.[1] The Eskels, proceeding pro se, filed a "Notice of Motion to Show Cause." The United States has filed its response.[2]

In the document attached to the Eskels' motion, which is titled "Verified Show Cause Denial of Jurisdiction," the Eskels challenged the subject matter jurisdiction of this court to decide the claims brought against them and the court's personal

---

[1] Carol Eskel appears to spell her name as "Carol" rather than "Carel".

[2] The Eskels designate themselves as proceeding "pro per" rather than "pro se." There appears to be no difference in the terms for purposes of this case. See, e.g., Bey v. Reed, 2019 WL 2515464, at *1, n.3 (D. Colo. June 18, 2019). Either term means that the Eskels are representing themselves. Id.

jurisdiction over them. The United States demonstrates in its response that both subject matter jurisdiction and personal jurisdiction exist in this case. The Eskels did not file a reply to the United States's response.

Background

In the complaint, the United States alleges that the Eskels reside in Rockingham County, New Hampshire. The United States also alleges that a delegate of the Secretary of the Treasury has made assessments against Joseph Eskel for income taxes, penalties, and interest, along with civil penalties and interest, for more than $10,000,000.00 that accrued for tax periods from 2004 through 2007. The specific dates and amounts are provided in the complaint.

Further, the United States alleges that Joseph Eskel previously paid income taxes and earned income from his business for the tax years 2004 through 2007. Eskel purchased illegal tax promotion tools that represent that taxpayers can remove themselves from the federal tax system. He also participated in a frivolous tax refund scheme, failed to cooperate with the Internal Revenue Service's examination of his federal tax liability, and filed other frivolous paperwork. He has refused to pay his tax liabilities to the United States.

With respect to Carol Eskel, the United States alleges that a delegate of the Secretary of the Treasury made assessments against her for civil penalties and interest for the tax years of 2003 through 2007. She also has refused to pay her liabilities, which totaled $35,667.48 as of March of 2019.

The Eskels and Bon Accord filed an answer to the complaint. The Eskels each identify as "Priority Creditor, a Lawful Person, Land and Soil Jurisdiction" in Danville, "New-Hampshire State." Doc. no. 10, at *1. In response to the claims against them, the Eskels state: "You have made a mistake, so we claim **'exemption'** under your '2012 version' of Title 50, section 7, Subsection c and e. Foreign Sovereign Immunities Act:" and list twenty items. Id., at *3-*4. They also assert, among other things, that they are not United States citizens and instead are "living Souls and not a dead entity written in all upper-case letters on a piece of paper or bond paper being claimed as a vessel owned by another living or dead entity." Id. at *4.

I. Subject Matter Jurisdiction

In support of their motion, the Eskels provide a variety of unsupported theories about the source and existence of the jurisdiction of courts. Despite those theories, the Eskels provide no legal basis to challenge subject matter jurisdiction.

The United States explains that under 26 U.S.C. § 7402(a) this court has jurisdiction to issue orders and render judgments as may be necessary to enforce the internal revenue laws. 26 U.S.C. § 7403 provides that the United States Attorney General or his delegate may have a civil action filed in a district court of the United States to enforce the lien of the United States for payment of tax liabilities. In addition, 28 U.S.C. § 1331 provides that subject matter jurisdiction exists in federal district courts over all civil actions arising under the laws of the United States. 28 U.S.C. § 1340 provides subject matter jurisdiction in federal district courts for civil actions "arising under any Act of Congress providing for internal revenue." And, if any more were needed, 28 U.S.C. § 1344 provides that federal district courts have jurisdiction over civil actions brought by the United States.

Therefore, the court is satisfied that it has subject matter jurisdiction over this case.

II. Personal Jurisdiction

The Eskels also purport to challenge the court's personal jurisdiction over them. They may be attempting to allege citizenship in an entity other than New Hampshire. The United States, however, demonstrates that personal jurisdiction exists

4

because the Eskels were served with the summons and complaint in this case at their residence in Danville, New Hampshire.

"Pursuant to Fed. R. Civ. P. 4(k)(1), service of process establishes personal jurisdiction over a defendant 'who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located,' or 'when authorized by federal statute.'" Woods Hole Oceanographic Inst. v. ATS Specialized, Inc., No. CV 17-12301-NMG, 2019 WL 1276124, at *15 (D. Mass. Mar. 20, 2019). Under New Hampshire law, the superior courts have jurisdiction over all civil actions except those that must be brought in the listed special courts, which do not apply here. RSA 491:7. Process must be served at the defendant's abode. RSA 510:2.

The Eskels live in New Hampshire and were served at their residence in Danville New Hampshire. Because they are New Hampshire residents, their personal jurisdiction challenge does not implicate the issue of the constitutional requirements of due process. Cf. Conroy v. Dow Chem. Co., Civil No. 18-cv-641-LM, 2018 WL 5849464, at *2 (D.N.H. Nov. 8, 2018). The Eskels have not shown any reason why this court lacks personal jurisdiction over them.

## Conclusion

For the foregoing reasons, the Eskels' motion challenging subject matter and personal jurisdiction (document no. 12) is denied.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

October 2, 2019

cc: Bon Accord, pro se
Philip L. Bednar, Esq.
Carel M. Eskel, pro se
Joseph R. Eskel, pro se
William S. Gannon, Esq.