UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>United States of America</u>

    v.                                        Civil No. 19-cv-745-JD
                                              Opinion No. 2020 DNH 083
<u>Joseph R. Eskel, Carel M. Eskel</u>
<u>a/k/a Carol M. Eskel, Bon Accord,</u>
<u>and Town of Danville</u>


<u>O R D E R</u>


The United States filed a complaint against Joseph and Carol Eskel, Bon Accord, and the Town of Danville to reduce to judgment unpaid federal tax liabilities owed by the Eskels and to enforce federal tax liens against property that is held by the Town of Danville.[1]  The United States moves for summary judgment on Counts One and Two of the complaint, which seek to reduce income tax liabilities owed by Joseph and Carol Eskel to judgment.[2]  The Eskels did not respond to the motion.[3]

---

[1] The court will refer to Carol Eskel but acknowledges that she is Carel M. Eskel a/k/a Carol M. Eskel.

[2] The remaining claim, Count Three, seeks to enforce federal tax liens against real property that was owned by the Eskels, who transferred it to "Bon Accord," and record title is held by the Town of Danville through a Tax Collector's Deed.

[3] The Eskels have filed several motions to add counterclaims and offer settlement, which have been denied.  The most recent such motion was filed while the motion for summary judgment was pending.  That motion, however, does not respond to the issues raised for summary judgment.

## Standard of Review

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Faiella v. Fed. Nat'l Mortg. Assoc., 928 F.3d 141, 145 (1st Cir. 2019). A material fact is one that could change the outcome. Doe v. Trs. Of Bos. Coll., 892 F.3d 14, 23-24 (1st Cir. 2017). "Facts are material when they have the potential to affect the outcome of the suit under the applicable law," and a dispute is genuine when "a reasonable jury could resolve the point in the favor of the non-moving party." Rivera-Rivera v. Medina & Medina, Inc., 898 F.3d 77, 87 (1st Cir. 2017). The court views the evidence in the light most favorable to the non-moving party and resolves reasonable inferences in his or her favor. Town of Westport v. Monsanto Co., 877 F.3d 58, 64-65 (1st Cir. 2017).

In this district, "[a] memorandum in support of a summary judgment motion shall incorporate a short and concise statement of material facts, supported by appropriate record citations, as to which the moving party contends there is no genuine issue to be tried." LR 56.1(a). "A memorandum in opposition to a summary judgment motion shall incorporate a short and concise statement of material facts, supported by appropriate record

citations, as to which the adverse party contends a genuine dispute exists so as to require a trial."  LR 56.1(b).  "All properly supported material facts set forth in the moving party's factual statement may be deemed admitted unless properly opposed by the adverse party."  Id.

The Eskels filed no response to the motion for summary judgment.  The United States provided appropriate support for the facts on which it relies for summary judgment.[4]  Therefore, those facts are deemed to be admitted by the Eskels.

Background

This case involves the Eskels' federal income tax liabilities, along with civil penalties and interest, for the years 2003 through 2007.  As of March 14, 2019, Joseph Eskel owed a total of $10,085,071.64 in taxes, penalties, and interest for those tax years.  Carol Eskel owed a total of $35,667.48 in

---

[4] The United States filed the affidavit of Mary Bishop, who is a Revenue Officer Advisor with the Internal Revenue Service ("IRS").  Bishop reviewed the tax records and documents of the Eskels and provided the outstanding balance due for federal income tax liabilities and civil penalties owed by the Eskels. They also filed the affidavit of Christine Stone, who as a Revenue Agent with the IRS examined the tax liabilities owed by the Eskels for the years 2004 through 2007 and provides the IRS's notices of deficiencies.  Stone also explains Joseph Eskels's tax fraud scheme.

civil penalties and interest.  The IRS provided the Eskels notice of their tax liabilities and made demand for payment.

Joseph Eskel incurred penalties under 26 U.S.C. § 6651(f) for fraudulent failure to file the required federal income tax returns for the years 2004 through 2007.  The United States explains that Eskel knew he had to pay federal income taxes because he had done so in prior years and because the IRS notified him of that obligation.  Eskel also earned income from his business, Alarm Devices Supply during those tax years. Nevertheless, Eskel bought illegal tools for evading federal income taxes, such as a "pure trust" scheme.  The Eskels transferred their property, which is at issue in this case, into a "pure trust" known as "Bon Accord."

Joseph Eskel participated in the "Form 1099 OID Refund Scheme" that involved filing bogus financing instruments.  Eskel also filed other frivolous tax forms with fabricated information for tax years 2003 through 2007.  He did not cooperate with the IRS's examination of the federal income tax liability and filed frivolous paperwork to impede that examination.  In addition, he paid other debts and liabilities with cash and other methods in order to conceal his assets.

Discussion

The United States moves for summary judgment on Counts One and Two, seeking a judgment that the Eskels owe the amounts demonstrated in support of the motion.  The Eskels do not dispute that they owe the amounts sought and demonstrated by the United States.  Although they alleged affirmative defenses, for the reasons stated below, none are cognizable against their federal income tax liabilities and penalties.

A.  Liabilities

The IRS, as the delegate of the Secretary of the Treasury, "'is authorized and required to make the inquiries, determinations, and assessments of all taxes . . . which have not been duly paid.'"  United States v. Fior D'Italia, Inc., 536 U.S. 238, 243 (2002) (quoting 26 U.S.C. § 6201(a).  An assessment by the IRS is a determination "that a taxpayer owes the Federal Government a certain amount of unpaid taxes."  Id. at 242.  That assessment is entitled to "a legal presumption of correctness."  Id.  Interest accrues on the amounts owed.  26 U.S.C. § 6601.

The Eskels do not challenge the amount of the assessments against them, the amount of interest, or the total amounts they

owe.  Therefore, as determined by the United States and as of
March 14, 2019, Joseph Eskel owed $10,085,071.64 in taxes,
penalties, and interest for the tax years of 2003 through 2007.
Carol Eskel owed $35,667.48 in civil penalties and interest.

     B.  Defenses

In their answer, the Eskels state, "You have made a
mistake, so we claim '*exemption*' under your '2012 version' of
Title 50, section 7, Subsection c and e.  Foreign Sovereign
Immunities Act."  Doc. no. 10, at *2.  As was explained in a
prior order, the Foreign Sovereign Immunities Act is not
relevant to the claims against the Eskels in this case.  See
doc. no. 35.  To the extent the Eskels challenge the
jurisdiction of this court, those matters have also been
resolved against them.  See doc. no. 16; order entered on Nov.
4, 2019; doc. no. 30.  Their theories that only common law is
valid and that the provisions in the United States Code are not
enforceable are frivolous.  Similarly, their assertion that
there have been no courts or judges in this country since 1789
is frivolous.

Conclusion

For the foregoing reasons, the motion by the United States for partial summary judgment, on Counts One and Two, (document no. 47) is granted.

The United States is entitled to summary judgment against Joseph R. Eskel in the amount of $10,085,071.64, plus interest that has accrued since March 14, 2019, for unpaid federal income taxes from 2004 through 2007 and for federal civil penalties for tax years 2003 through 2007.

The United States is entitled to summary judgment against Carel M. Eskel a/k/a Carol M. Eskel in the amount of $35,667.48, plus interest since March 14, 2019, for unpaid federal civil penalties from 2003 through 2007.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

May 18, 2020

cc:  Philip L. Bednar, Esq.
     Bon Accord, pro se
     Carel M. Eskel, pro se
     Joseph R. Eskel, pro se
     William S. Gagnon, Esq.